UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RITA ANN GOSSELIN,

        Petitioner,

                             CASE NO. 4:13-CV-14991

v.                        JUDGE TERRENCE G. BERG
                             MAGISTRATE JUDGE PAUL J. KOMIVES

MILLICENT WARREN,

        Respondent.

_____/


## REPORT AND RECOMMENDATION


*Table of Contents*

I.      RECOMMENDATION ...................................................... 1
II.    REPORT .............................................................. 1
     A.    *Procedural History* ............................................. 1
     B.    *Factual Background Underlying Petitioner's Conviction* ............................ 3
     C.    *Standard of Review* ............................................. 5
     D.    *Plea Validity* ................................................. 8
         1.    *Clearly Established Law* .................................. 9
         2.    *Analysis* ............................................. 10
             a. Factual Basis ...................................... 10
             b. Coerced Plea ...................................... 12
             c. Withdrawal ....................................... 13
     E.    *Ineffective Assistance of Counsel* ................................... 16
         1.    *Clearly Established Law* .................................. 16
         2.    *Analysis* ............................................. 19
     F.    *Recommendation Regarding Certificate of Appealability* ............................ 22
         1.    *Legal Standard* ....................................... 22
         2.    *Analysis* ............................................. 23
     G.    *Conclusion* ................................................. 24
III.   NOTICE TO PARTIES REGARDING OBJECTIONS ................................... 24

\*      \*      \*      \*      \*

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of

habeas corpus and should deny petitioner a certificate of appealability.

II.    REPORT:

A.     *Procedural History*

1.      Petitioner Rita Ann Gosselin is a state prisoner, currently confined at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan.

2.      On February 24, 2011, petitioner was convicted of one count of conducting a criminal enterprise, MICH. COMP. LAWS §§ 750.159i, .159j(5); and three counts of larceny by false pretenses over $20,000.00, MICH. COMP. LAWS § 750.218(1), (5)(a), pursuant to her guilty plea in the Wayne County Circuit Court. On March 10, 2011, she was sentenced to concurrent terms of 5-20 years' imprisonment on the criminal enterprise conviction and 2-10 years' on each false pretenses conviction. She was also ordered to pay $2,473,739.21 in restitution, one-third of which the court required plaintiff to pay before being eligible for parole.

3.      On September 12, 2011, petitioner filed a motion to withdraw her guilty plea, arguing that she was innocent, that there was no factual basis to support the plea, and that the plea had been coerced. The trial court denied the motion in a written opinion on December 7, 2011. *See People v. Gosselin*, No. 09-30905-01-FH (Wayne County, Mich., Cir. Ct. Dec. 7, 2011) [hereinafter "Trial Ct. op."].

4.      Petitioner sought leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claim:

> THE TRIAL COURT'S REFUSAL TO ALLOW MS. GOSSELIN TO WITHDRAW [HER] GUILTY PLEA PRIOR TO SENTENCE IS A VIOLATION OF [HER] RIGHTS UNDER THE US AND MICHIGAN CONSTITUTIONS.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented." *People v. Gosselin*, No. 308923 (Mich. Ct. App. ) (per curiam).

5.      Petitioner sought leave to appeal in the Michigan Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the case to the trial court "for correction of the

judgment of sentence to delete the requirement that defendant pay one-third of her restitution obligation before she may be released on parole" because "[t]he trial court had no authority to impose the restitution obligation as a condition of parole." *People v. Gosselin*, 493 Mich. 900, 900, 822 N.W.2d 792, 792 (2012).  In all other respects, the court denied petitioner's application for leave to appeal because it was "not persuaded that the remaining questions presented should be reviewed by this Court." *Id*., 822 N.W.2d at 792-93.

6.     Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on December 9, 2013.  As grounds for the writ of habeas corpus, she raises the issues raised in the state courts, now separated into three claims:

  I.     TRIAL COURT'S REFUSAL TO ALLOW DEFENDANT TO WITHDRAW HER GUILTY PLEA IS A VIOLATION OF HER RIGHTS UNDER THE U.S. CONSTITUTION – ERRORS IN THE PLEA PROCEEDING ITSELF/INADEQUATE FACTUAL BASIS FOR THE PLEA.

  II.    COERCION.

  III.   INEFFECTIVE ASSISTANCE OF COUNSEL.

7.     Respondent filed her answer on June 16, 2014.  She contends that petitioner's claims are without merit or are not cognizable on habeas review.

8.     Petitioner filed a reply on August 5, 2014.

B.     *Factual Background Underlying Petitioner's Conviction*

Petitioner's convictions arise from a real estate investment scheme in which she defrauded numerous investors.  The facts leading to the charges against petitioner were summarized by the trial court:

    The charges in this case result from Defendant's operation of a real-estate
    investment ponzi scheme in the downriver area of Wayne County, Michigan between

3

April 2007 and September 2008.  Defendant perpetuated the scheme by telling investors that she and her company, RG Properties and Investments were able to buy foreclosed and distressed properties in bulk (10-20 at a time) and that her husband Richard, together with their son, would use their construction business to renovate the homes to sell them at a profit.  Rather than giving investors a portion of the profit from sales, Defendant promised them payouts on a regular basis.  She provided them with promissory notes on the various properties involved.

As the investment amounts increased, Defendant also provided quit-claim deeds as security for some very large investments.  Concurrently, Defendant and her husband were mortgaging all the properties such that there was virtually no equity in any of the properties–thus rendering the promissory notes (and quit-claim deeds) essentially worthless.  Defendant made no mention of these mortgages to the investors.  She took in approximately $2.5 million dollars from 100 victims.

Defendant, while on bond, in April 2010 cut the electronic tether device from her ankle and fled the state of Michigan.  A bench warrant was issued.  Defendant remained a fugitive until October 29, 2010, when she was apprehended by authorities in Tennessee.  Defendant was returned to Michigan and proceedings in the case resumed.

Trial Ct. op., at 2 (footnotes omitted).  On February 24, 2011, petitioner entered a guilty plea pursuant to a plea agreement with the prosecutor.  Under the agreement, petitioner agreed to plead guilty to the criminal enterprise and false pretenses charges, in exchange for dismissal of a second case and a promise not to charge petitioner with absconding, which would have carried a mandatory consecutive sentence of five years' imprisonment.  There was no sentence agreement, but the trial court gave a *Cobbs* evaluation of 5-20 years' imprisonment.[1]  *See* Plea Tr., at 4-5, 6-7.  The trial court informed petitioner of the rights she was waiving by pleading guilty, and petitioner indicated that she understood those rights and that she was waiving them by pleading guilty.  *See id*. at 8-9.  Petitioner denied that she had been made any promises beyond the agreement on the record to induce her plea, *see id*. at 9.  After establishing a factual basis for the plea, *see id*. at 10-13, the court accepted petitioner's plea.  In addition to her statements at the plea colloquy, petitioner signed a

---

[1]*People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), permits a defendant to plead guilty pursuant to the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw her plea if the actual sentence imposed is more severe.

written Settlement Offer and Notice of Acceptance which set forth the terms of the agreement and the rights petitioner was waiving by pleading guilty, including the right to claim that the plea was the result of undisclosed threats or promises.

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002).  "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535

5

U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court

6

decision.'  In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).  The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16.  Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

The deferential standard of review set forth in § 2254(d) applies even though the Michigan Court of Appeals did not issue a reasoned decision.  As the Supreme Court has explained, an unexplained summary order by a state court is presumed to be a rejection of the claims on the merits, and the petitioner bears the burden of demonstrating that the rejection was on some basis other than

the merits.  *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).  Here, there is no indication

that the Michigan Court of Appeals denied petitioner's applications for leave to appeal on any basis

other than the merits.  On the contrary, the court of appeals explicitly stated that its denials were "for

lack of merit in the grounds presented," and the Michigan Court of Appeals has repeatedly held a

denial on this basis is "a determination on the merits of the case."  *Attorney Gen'l ex rel. Dep't of*

*Treasury v. Great Lakes Real Estate Investment Trust*, 77 Mich. App. 1, 3, 257 N.W.2d 248, 249

(1977); *accord Hoye v. DMC/WSU*, No. 285780, 2010 WL 334833, at \*1 (Mich. Ct. App. Jan. 28,

2010) (per curiam); *McCabe v. Miller & Assocs., L.L.P.*, No. 275498, 2007 WL 2935032, at \*3

(Mich. Ct. App. Oct. 9, 2007) (per curiam); *People v. Douglas*, 122 Mich. App. 526, 530, 332

N.W.2d 521, 523 (1983).  Accordingly, the Michigan Court of Appeals's denial of petitioner's

application for leave to appeal "for lack of merit in the grounds presented" constitutes an

adjudication on the merits for purposes of § 2254(d).  *See Snyder v. Lafler*, No. 09-13773, 2011 WL

309056, at \*3 (E.D. Mich. Jan. 27, 2011) (Roberts, J.).  Moreover, even if the court of appeals's

order does not constitute an adjudication on the merits, the trial court adjudicated each claim on the

merits in denying petitioner's motion to withdraw her plea.

D.    *Plea Validity*

  In her first two claims, petitioner challenges the validity of her guilty plea.  She contends that

the trial court erred in failing to allow her to withdraw the plea because there was no factual basis

for the plea, and because her plea was coerced by the prosecutor.[2]  The Court should conclude that

petitioner is not entitled to habeas relief on this claim.

---

   [2]In the state courts, petitioner also argued that the court violated the plea agreement and *Cobbs* evaluation by requiring her to pay one-third of the restitution as a condition for release on parole. Petitioner does not appear to raise that claim here.  In any event, petitioner has already obtained relief on this claim, as the Michigan Supreme Court vacated that portion of the judgment of sentence.

1.    *Clearly Established Law*

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances.  *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).  The Constitution requires, for a plea to be valid, that the defendant be informed of all direct consequences of his plea.  *See Brady*, 397 U.S. at 755; *King*, 17 F.3d at 153.  A solemn declaration of guilt by the defendant carries a presumption of truthfulness.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).  "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Blackledge*, 431 U.S. at 74.  Where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]"  *Mabry v. Johnson*, 467 U.S. 504, 511 (1984).  Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.  It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence--because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.

*Id*. at 508 (footnotes omitted).

"Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."  *Blackledge*, 431 U.S. at 74.  Thus, as a number of Judges of this Court have observed:

> When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. The

> factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. . . . Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid.

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005) (Gadola, J.) (citations omitted); *accord Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651-52 (E.D. Mich. 2002) (Friedman, J.); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (Cleland, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 586 (E.D. Mich. 2001) (Hood, J.); *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich.2001) (Steeh, J.). In short where, as here, "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted).

    2.    *Analysis*

                a.  *Factual Basis*

Petitioner first contends that the prosecution failed to establish a factual basis for her plea with respect to the criminal enterprise conviction. This claim is without merit. "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). "Violations of state law and procedure that do not infringe specific federal constitutional protections are not cognizable claims under § 2254." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because the writ of habeas corpus exists only to correct errors of federal law, a state court's failure to elicit a factual basis for a guilty plea does not state a claim cognizable on habeas review. *See United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Circ. 1993) (en banc); *Willbright v. Smith*, 745 F.2d 779, 780 (2d Cir. 1984); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Coddington v. Langley*, 202

F. Supp. 2d 687, 702 (E.D. Mich. 2002) (Tarnow, J.).

In any event, even were this claim cognizable an adequate factual basis for the plea was established. The Michigan criminal enterprise statute provides that "[a] person employed by, or associated with, an enterprise shall not knowingly conduct or participate in the affairs of the enterprise directly or indirectly through a pattern of racketeering activity" or "knowingly acquire or maintain an interest in or control of an enterprise or real or personal property used or intended for use in the operation of an enterprise, directly or indirectly, through a pattern of racketeering activity." MICH. COMP. LAWS § 750.159i(1), (2). Petitioner contends that "racketeering" is not defined in the statute, but is generally defined in legal dictionaries as involving the wrongful use of force or fear. Because there was no statement made at the plea hearing that she used force or fear, she argues, there was no factual basis established for the plea. Petitioner's argument fails, however, because "racketeering" is in fact defined for purposes of § 750.159i. Specifically, "racketeering" is defined, *inter alia*, as "committing, attempting to commit, conspiring to commit, or aiding or abetting, soliciting, coercing, or intimidating a person to commit an offense for financial gain, involving . . . [a] felony violation of [MICH. COMP. LAWS §§ 750.174-.176, §§ .180-.182] concerning embezzlement" or "[a] felony violation of [MICH. COMP. LAWS § 750.218] concerning false pretenses." MICH. COMP. LAWS § 750.159g(r), (u). Petitioner admitted at the plea hearing that during the course of her enterprise she took money from the victims for the purpose of embezzling the money, *see* Plea Tr., at 10, and she pleaded guilty to three counts of larceny by false pretenses under § 750.218. Either admission was sufficient to establish a factual basis for finding a pattern of racketeering activity under the criminal enterprise statute. Nothing in the statutory definition of "racketeering" requires the prosecutor to prove the use of force or coercion. Thus, an adequate

11

factual basis for the plea was established.

Because this claim is not cognizable, and because in any event the trial court established an adequate factual basis for the plea, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### b. Coerced Plea

Petitioner next contends that her plea was involuntary because it was coerced by the prosecutor's threat to withdraw a plea offer made to her husband if she did not plead guilty.  The trial court rejected this claim, concluding that petitioner "made no mention of any threats or promises other than those included in the plea agreement," and that she presented no evidence to "support her claims of coercion by law enforcement officials."   Trial Ct. op., at 4.   This determination was reasonable.  As explained above, petitioner's statements that no one made any threats or promises are entitled to a presumption of veracity, and she bears a heavy burden to overcome these statements.  Beyond her mere assertion, she has presented no evidence to show that the prosecutor actually made the alleged threat to rescind a plea agreement made with her husband if she did not plead guilty.  Petitioner's "conclusory allegations [of such a threat] unsupported by specifics [are] subject to summary dismissal."  *Blackledge*, 431 U.S. at 74.  Petitioner's bare allegation, standing alone, is "insufficient as a matter of law to overcome the presumption of verity ascribed to h[er] statements in open court.  To hold otherwise is to eviscerate the import of the plea hearing."  *Restucci v. Spencer*, 249 F. Supp. 2d 33, 45-46 (D. Mass. 2003).

Moreover, petitioner cannot show that such a threat, even if made, rendered her plea involuntary.  The Supreme Court has left open the question of "the constitutional implications of a prosecutor's offer during plea bargaining of adverse or lenient treatment for some person *other* than

12

the accused," *Bordenkircher v. Hayes*, 434 U.S. 357, 365 n.8 (1978), *see also*, *Miles v. Dorsey*, 61 F.3d 1459, 1468 (10th Cir. 1995), and thus even if the prosecutor made such a threat the trial court's rejection of petitioner's claim could not amount to an unreasonable application of federal law. *See Murdoch v. Castro*, 609 F.3d 983, 994 (9th Cir. 2010) (state court's failure to grant relief on basis which Supreme Court has recognized is an open question cannot be unreasonable application of clearly established law); *Smith v. Hofbauer*, 312 F.3d 809, 817 (6th Cir. 2002) (same). And even under *de novo* review, petitioner cannot show that her plea was rendered involuntary. The courts that have considered the issue have held that "a plea is not *per se* involuntary if entered under a plea agreement that includes leniency for a third party." *Miles*, 61 F.3d at 1468. So long as the government acts in good faith the plea is valid, and "[t]he government acts in good faith when it offers leniency for an indicted third party or threatens to prosecute an unindicted third party in exchange for a defendant's plea when the government has probable cause to prosecute the third party." *Id.*; *see also*, *Doe v. United States*, No. 95-5567, 1996 WL 250444, at *5 (6th Cir. May 10, 1996); *United States v. Cruz*, 528 F. Supp. 2d 151, 158 (W.D.N.Y. 2007) (citing cases). Petitioner does not suggest that the prosecutor lacked probable cause to pursue the charges against her husband to the fullest extent alleged in the information against him, and thus even if the prosecutor made the alleged threat "if [petitioner] elect[ed] to sacrifice [her]self for such motives, that [was her] choice." *United States v. Nuckols*, 606 F.2d 566, 569 (5th Cir. 1979) (quotation omitted). Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

### c. Withdrawal

Petitioner next contends that the trial court erred in failing to allow her to withdraw her plea. This claim is not cognizable on habeas review. Federal habeas courts have no authority to interfere

13

with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). A criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea. *See Chene v. Abramajtys*, No. 95-1491, 1996 WL 34902, at *2 (6th Cir. Jan. 29, 1996); *Metcalf v. Bock*, No. 00-10361-BC, 2002 WL 31749157, at *5 (E.D. Mich. Dec. 5, 2002) (Lawson, J.); *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990); *Williams v. Smith*, 454 F. Supp. 692, 696 (W.D.N.Y. 1978), *aff'd*, 591 F.2d 169 (2d Cir. 1979). Thus, the trial court's failure to allow petitioner to withdraw her plea under the governing state court rules does not state a cognizable basis for habeas relief.

Nor can petitioner show that she was entitled to withdraw her plea based on her assertion of innocence. A writ of habeas corpus may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, the existence of new evidence, standing alone, is not a basis for granting the writ. As the Supreme Court has explained: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also*, *id*. at 404 (claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred *constitutional* claim considered on the merits.") (emphasis added); *Schlup v. Delo*, 513 U.S. 298, 314-16 (distinguishing, in part, *Herrera* because in this case the petitioner "accompanie[d] his claim of innocence with an assertion of constitutional error at trial."); *Townsend v. Sain*, 372 U.S. 293, 317 (1963) ("Of course, such evidence must bear upon the

14

constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."), *overruled in part on other grounds*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Thus petitioner's assertion of innocence, standing alone, provides no basis for habeas relief.

Nor does petitioner's assertion of innocence after the plea was entered render involuntary her otherwise valid plea. As another court observed long ago, there are "no cases which hold that denial of guilt, under oath, subsequent to the entry of a guilty plea but prior to sentencing renders the plea involuntary as a matter of constitutional law." *Hansen v. Mathews*, 296 F. Supp. 1398, 1331 (E.D. Wis. 1969), *aff'd*, 424 F.2d 1205 (7th Cir. 1970). Although *Hansen* was decided nearly forty years ago, this observation holds true today. It is well established that "factual guilt or innocence . . . is irrelevant to the question of whether [a defendant's] plea was voluntary." *United States ex rel. Smith v. Johnson*, 403 F. Supp. 1381, 1397 n.28 (E.D. Pa. 1975), *aff'd*, 538 F.2d 322 (3d Cir. 1976); *see also*, *Stewart v. Peters*, 958 F.2d 1379, 1385 (7th Cir. 1992) ("A guilty plea is no more involuntary because the defendant believes he is innocent than the settlement of a civil lawsuit is involuntary because the defendant refuses to admit liability and may believe in all sincerity that he is not liable in the least."). Indeed, the Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, a fortiori a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y. 1979) (footnotes omitted).

Further, even under the standard applicable to pleas in federal court under FED. R. CRIM. P.

15

11, petitioner cannot show that she would be entitled to withdrawal of her plea.  Under this standard, a claim of innocence alone does not entitle a defendant to withdraw her plea; rather, withdrawal is permitted only in the "most compelling of circumstances indicating the innocence of the defendant." *United States v. Tolson*, 372 F. Supp. 2d 1, 24 (D.D.C. 2005), *aff'd*, 264 Fed. Appx. 2 (D.C. Cir. Jan. 25, 2008); *see also*, *United States v. Robinson*, 498 F. Supp. 2d 328, 331-32 (D.D.C. 2007).  To be entitled to withdrawal, a "defendant must come forward with some evidentiary support for his innocence."  *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 595 (E.D. Va. 2004); *see also*, *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001).  Here, petitioner does not have any evidentiary support for her claim of innocence other than her own denial of guilt.  Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

E.     *Ineffective Assistance of Counsel*

Petitioner next contends that her trial counsel, Robert Slameka, rendered constitutionally ineffective assistance in connection with her guilty plea.  The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.     *Clearly Established Law*

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense.  *Id*. at 687.  These two components are mixed  questions of law and fact.  *Id*. at 698.  Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the

16

defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim. *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993) (same).

As the Supreme Court has recently explained, *Strickland* establishes a high burden that is difficult to meet, made more so when the deference required by § 2254(d)(1) is applied to review a state court's application of *Strickland*:

"Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later

17

reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id*., at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.

Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id*., at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ----, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ----, 129 S.Ct. at 1420 . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

The Sixth Amendment right to counsel extends to the plea bargaining process, and thus "[d]uring plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)) "'[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Id*. (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)); *see also*, *Missouri v. Frye*, 132 U.S. 1399, 1406 (2012).  However, the *Strickland* standard is particularly rigorous in the plea bargaining context.  Because "[p]lea bargains are the result of complex negotiations suffused with uncertainty . . . [in which] defense attorneys must make careful strategic choices in balancing opportunities and risks," "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 131 S. Ct. 733, 741 (2011).  Further, to demonstrate prejudice as a result of

counsel's performance with respect to the entry of a guilty plea, petitioner must "demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at 743 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

    2.   *Analysis*

Petitioner contends that counsel pressured her to accept the guilty plea, failed to investigate, and failed to interview witnesses. The trial court rejected this claim, reasoning: "The plea agreement negotiated by trial counsel was fair and beneficial to the Defendant. She did not express any discontent with counsels' [sic] representation prior to or during the plea colloquy or sentencing hearing. This Court will not substitute its judgment for trial [counsel] in matters of trial strategy." Trial Ct. op., at 6. The Court should conclude that this determination was reasonable.

With respect to counsel's alleged coercion, as explained above petitioner indicated at the plea hearing that she had received no threats or promises, and she has presented no evidence to overcome the presumption of veracity attached to these statements. With respect to counsel's failure to investigate or interview witnesses, petitioner has failed to meet her burden of demonstrating that counsel was ineffective. With respect to counsel's failure to investigate, petitioner merely asserts that counsel failed to conduct an adequate investigation and that a proper investigation would have uncovered beneficial evidence; she does not suggest any specific exculpatory information counsel could have uncovered, nor does she provide any basis to conclude that the results of counsel's investigation could have affected her decision to plead guilty. As noted above, "it is petitioner's burden to establish the elements of h[er] ineffective assistance of counsel claim." *Pierce*, 63 F.3d at 833. Thus, "[a] defendant who alleges a failure to investigate on the part of h[er] counsel must allege with specificity what the investigation would have revealed and how it would have altered

19

the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).  Similarly, "a petition for habeas corpus relief based on counsel's failure to call witnesses must present this evidence in the form of the actual testimony by the witness or affidavits."  *United States ex rel. Townsend v. Young*, No. 01 C 0800, 2001 WL 910387, at *5 (N.D. Ill. Aug. 8, 2001) (citing *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991)); *see also*, *Pittman v. Florida*, No. 8:05-cv-1700, 2008 WL 2414027, at *12 (M.D. Fla. June 11, 2008).  Here, petitioner has not identified any witnesses who could have assisted her defense, nor has she presented any evidence that these witnesses would have testified, or explained what they would have testified to had they been called at trial.  In the absence of any showing that further investigation by counsel could have uncovered exculpatory evidence or witnesses, petitioner cannot show that counsel's alleged errors affected her decision to plead guilty.

In her reply, petitioner contends that at the time he was appointed to represent her Slameka was under investigation for misconduct, provides a newspaper article indicating that Slameka had received 15 disciplinary actions against him during his 42-year legal career (including, as indicated in another article, an action for revealing a client's confidences), and notes that in another case (*Poindexter v. Booker*, 301 Fed. Appx. 522 (6th Cir. 2008)) habeas relief was granted because Slameka was found to have rendered ineffective assistance in failing to call two alibi witnesses. These facts, on their own, do not establish that Slameka rendered constitutionally deficient performance in petitioner's case.  The question is not whether Slameka is, in general, a good attorney or whether he was ineffective in other cases; "the relevant inquiry on an ineffective assistance claim is whether counsel's performance was deficient and caused prejudice in connection with the particular defendant and trial in issue, not what occurred in other cases."  *Moore v.*

20

*Chrones*, 687 F. Supp. 2d 1005, 1030 n.5 (C.D. Cal. 2010). "An attorney's subjection to discipline, suspension, or disbarment in connection with other cases, on its own, does not render counsel's assistance *per se* ineffective." *Brown v. Cain*, No. 09-924-D-M2, 2011 WL 7096615, at *17 (Nov. 22, 2011), *magistrate judge's report adopted*, 2012 WL 243338 (M.D. La. Jan. 25, 2012); *see id.* at *17 n.30 (citing cases). Petitioner's allegations regarding counsel's conduct in other actions might "possibly provid[e] context to [her] ineffective-assistance claims," but they do not in themselves "present actionable grounds for relief." *Thompson v. Quaterman*, 629 F. Supp. 2d 665, 680 n.9 (S.D. Tex. 2007). "While trial counsel's disciplinary history provides background that must be considered, the *Strickland* inquiry does not focus on the reputation, character, or litigation history of attorneys." *Id.* Rather, "*Strickland* stresses counsel's representation in the particular case." *Id.*; *accord Osumi v. Giurbino*, 445 F. Supp. 2d 1152, 1161-62 (C.D. Cal. 2006) ("[T]o show an attorney was ineffective, the petitioner must show incompetence or ineffective[ness] in his trial, not in some unrelated proceeding.").

Here, even if Slameka's performance in other cases had some bearing on whether his performance was deficient in petitioner's case, nothing in the materials submitted by petitioner goes to whether she was prejudiced by counsel's allegedly deficient performance. As explained above, petitioner has not identified any witnesses who could have assisted her defense, nor has she presented any evidence that these witnesses would have testified, or explained what they would have testified to had they been called at trial. In the absence of any showing that further investigation by counsel could have uncovered exculpatory evidence or witnesses, petitioner cannot show that counsel's alleged errors affected her decision to plead guilty. Thus, regardless of whether counsel's performance was deficient, she cannot establish prejudice. Accordingly, the Court should conclude

that petitioner is not entitled to habeas relief on her ineffective assistance of counsel claims.

F.     *Recommendation Regarding Certificate of Appealability*

    1.     *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1).  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable."  *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C.

22

§ 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.      *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability. As explained above, it is clear that petitioner's plea withdrawal and factual basis claims are not cognizable on habeas review, and thus the resolution of these claims is not reasonably debatable. Because petitioner has presented no evidence that she was coerced into pleading guilty to overcome her statements at the plea colloquy that she had not been threatened, the resolution of petitioner's involuntary plea claim is not reasonably debatable. Finally, because petitioner has failed to identify any exculpatory evidence or witnesses that could have been uncovered had counsel fully investigated the case, the resolution of petitioner's ineffective assistance of counsel claim is not

reasonably debatable.  Accordingly, the Court should deny petitioner a certificate of appealability.

G.    *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: September 9, 2014           s/Paul J. Komives
                                            PAUL J. KOMIVES
                                            UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 9, 2014, electronically and/or by U.S. mail.

                                            s/Michael Williams
                                            Case Manager to the
                                            Honorable Paul J. Komives